## Martha E. Pierce, Administratrix, v. Kellyville Coal Company.

1. INSTRUCTIONS—*when inaccuracy in, will not reverse.* Inaccuracies in instructions will not reverse where the verdict upon the evidence was clearly right.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Shelby county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 27, 1906.

MABIN & SCHECTER, for appellant.

H. M. STEELY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by Martha E. Pierce, administratrix of the estate of Woodford F. Pierce, deceased, against the Kellyville Coal Company, to recover damages for the death of her intestate alleged to

have been occasioned by the negligence of the coal company.

Upon the trial in the Circuit Court there was a verdict of not guilty and judgment against plaintiff for costs.

The declaration contains three counts. The first count alleges that plaintiff's intestate was a miner in the coal mine of defendant known as Kelly's No. 4; that on July 22, 1904, he was engaged in turning a room off the third southeast entry and about twenty-five feet from the face thereof; that the defendant negligently failed to use reasonable diligence to have the place where plaintiff's intestate was working reasonably safe, in that a large and dangerous rock hung loose in the roof of said entry, and that defendant by the exercise of ordinary care, could and would have known of said loose and dangerous rock; that as plaintiff's intestate was so at work, and in the exercise of due care for his own safety, and without any knowledge of said dangerous condition, the said loose rock, without any warning, fell upon him. The negligence alleged in the second count is the failure of defendant to make the working place reasonably safe by propping, timbering, or taking the rock down. The third count is substantially the same as the second.

For grounds of reversal appellant urges that the verdict of the jury is against the manifest weight of the evidence, and that the court erred in giving and refusing instructions.

July 22, 1904, the deceased and his "buddy" commenced to turn a new room neck in the third southeast entry, by cutting perpendicularly in the coal to a depth of about three feet at the south side of such room neck. They then went to the north about nine feet and drilled holes into the coal, loaded them, and at firing time in the evening of the day fired the shots and left the mine. At the time deceased commenced work, there was in the roof of the entry, at the place where the new room neck was to be turned, a rock six

or seven feet long and about five feet wide, with a coal slip about a quarter of an inch thick over it, extending along the roof of and across the entry, but the evidence tends to show that at that time the rock was solid and not dangerous.

At seven o'clock on the morning of July 23, 1904, deceased returned to continue his work, and found that the shots of the previous evening had only thrown out the top coal, leaving a bench two and one-half or three feet in thickness at the bottom, which was not disturbed. After the coal which had been shot down in the entry was removed, deceased commenced again to cut into the coal at the south side of the room neck. While he was so at work, he was told by Rudolph Block, a miner, that it looked as if the rock over his head was going to be a bad rock, and that as soon as he got in far enough so he could, he ought to timber it by putting up a neck bar across the room neck. Deceased then struck the roof several times with his pick, and so jarred the rock that it fell upon him and killed him. There is evidence tending to show that between one and two o'clock on the morning of July 23rd, before deceased commenced work on that day, McManaman, the mine examiner, examined and sounded the rock and that it was then solid, but in view of the fact that it might become dangerous if more of the coal supporting it was mined out, and as a warning to deceased to look out, he marked it by making a cross mark with chalk.

This is not an action to recover damages for a wilful failure to comply with the provisions of the Mines and Miners Act, but an action to recover damages for common law negligence, and before appellant, as administratrix of the estate of her deceased husband, is entitled to recover, it is incumbent upon her to show, first, that the rock was loose and dangerous; second, that appellee had notice that the rock was loose and dangerous, or might have had such notice by the exercise of ordinary care; third, that the deceased did not

know the rock was loose and dangerous, and did not have equal means of such knowledge with appellee; and fourth, that at the time of his injury the deceased was in the exercise of due care and caution for his own safety. L. E. & W. R. R. Co. v. Wilson, 189 Ill. 89; Armour v. Brazeau, 191 Ill. 117; Montgomery Coal Co. v. Barringer, 218 Ill. 327.

There is no substantial evidence in the record tending to show that the rock which fell upon the deceased was loose and dangerous prior to the time he commenced work on the room neck on the morning of July 23rd, or that in the absence of further work it was liable to become loose and dangerous, but it is clear from the evidence that further work by the deceased in turning the room neck would undermine the supports of the rock and cause it to fall, or make it necessary to remove it, and this situation seems to have been fully recognized by every one who examined the rock. As the deceased progressed in his work at that place the probability of the rock becoming loose and falling became more obvious, and his attention was directed to that condition by the witness Block. The deceased, himself, recognized the danger by stopping his work and sounding the roof with a pick to ascertain the condition of the rock, and if he had done so from a place of safety, as he well might have done, instead of doing so from a place of obvious danger to himself, he would have escaped the injury resulting in his death.

It is contended on behalf of appellant that a duty was imposed upon appellee to make the place where deceased was working reasonably safe by propping, timbering or taking down the rock. The place where deceased was working when he was killed, was his "working place" within the meaning of the statute imposing the duty upon the miner "to properly prop and secure his place." Hurd's Stat. 1903, chap. 93, par. 16. It was the space which the deceased necessarily used and occupied in doing his work. The evidence strongly tends to show that the work of turning

the room neck had not progressed sufficiently to enable props and timbers to be used in supporting the roof so that if the deceased had demanded props and timbers for that purpose they would have been useless, and the fact that the deceased demanded no props and timbers of appellee is very suggestive of the inference that he did not regard their use as necessary, or that they could not be used, if provided.

A consideration of the evidence leads us to the conclusion that it fails to establish the negligence of appellee alleged in the declaration, or that the deceased in his relation to the work in hand was in the exercise of due care and caution for his own safety, and that the verdict of the jury could not have properly been other than it was upon those issues.

The instructions offered on behalf of appellant and refused by the court, were properly refused, because they predicated a right of recovery upon proof of other than common law negligence, which was the only negligence alleged in the declaration. While some of the instructions given to the jury at the request of appellee may be subject to slight criticism, the given instructions, as a series, stated the law applicable to the case with substantial accuracy, and in view of the fact that the verdict of the jury was right under the evidence, it is not necessary to further extend this opinion by a critical discussion of the instructions.

The judgment will be affirmed.

*Affirmed.*